# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

MARC M. SMART,

      Plaintiff,      Case Number: 05-71279

v.             HONORABLE ARTHUR J. TARNOW

DR. THYAGARAJAN,

      Defendant.

_____/

## ORDER OF SUMMARY DISMISSAL

Plaintiff Marc M. Smart, a state inmate currently incarcerated at the Mid-Michigan Correctional Facility in St. Louis, Michigan, has filed a *pro se* civil rights complaint, pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, the Court dismisses the complaint, pursuant to 28 U.S.C. § 1915(e)(2),[1] because Plaintiff fails to state a claim upon which relief may be granted.

---

[1]  28 U.S.C. § 1915(e)(2) provides, in pertinent part:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
. . .
(B) the action or appeal –
. . .
(ii) fails to state a claim upon which relief may be granted . . .

1

Smart v. Thyagarajan
No. 05-71279

In his complaint, Plaintiff alleges that, while incarcerated at the Charles Egeler
Reception and Guidance Center in Jackson, Michigan, on or about January 7, 2004,
Physician's Assistant Czinse prescribed him prilosec and elavil.  Plaintiff states that, two
days later, when he picked up the medications, he was also given nitro-quick, nevicor,
and albutoral.  These additional medications were allegedly prescribed by Defendant
Thyagarajan.  Plaintiff states that he took these medications for thirty days, until he saw
his treating physician, who advised Plaintiff that she had not prescribed these medications
and he should stop taking them.  Plaintiff alleges that, as a result of taking these
medications for thirty days, he now suffers from migraines and chest pain.

The Eighth Amendment bans cruel and unusual punishment which involves the
unnecessary and wanton infliction of pain.  *Hudson v. McMillan*, 503 U.S. 1, 5 (1992);
*Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995).  It is well-established that
deliberate indifference to serious medical needs constitutes the unnecessary and wanton
infliction of pain.  *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).  To sustain an
Eighth Amendment claim of deliberate indifference to medical needs, a prisoner must
satisfy a two-prong test.  First, he must demonstrate that the medical needs were serious
and required attention that adhered to "contemporary standards of decency."  *Hudson*,
503 U.S. at 8.  Then, he must establish that defendants were deliberately indifferent to
those needs.  *Id.*  Deliberate indifference exists when "the official knows of and

2

Smart v. Thyagarajan
No. 05-71279

disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In other words, this prong is satisfied when a prison official acts with criminal recklessness, *i.e.*, when he or she "consciously disregard[s] a substantial risk of serious harm." *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994) (*citing Farmer*, 114 U.S. at 839-40).

Plaintiff maintains that Dr. Thyagarajan's prescription of nitro-quick, nevicor, and albutoral establishes medical malpractice. However, medical malpractice does not constitute a constitutional violation. *Estelle*, 429 U.S. at 292. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

For the reasons set forth above, **IT IS ORDERED** that Plaintiff's complaint is **DISMISSED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: April 28, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 28, 2005, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Case Manager

3